NOT DESIGNATED FOR PUBLICATION

No. 117,468

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN KENT BLOOM,
*Appellant*,

v.

KRISTI MILLER, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed November 17, 2017. Affirmed.

*Steven Kent Bloom*, appellant pro se.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellees.

Before BUSER, P.J., BRUNS, J., and STUTZMAN, S.J.

PER CURIAM: Steven K. Bloom, an inmate at the Oswego Correctional Facility, ordered a book online that was delivered to the prison facility in late August 2016. Upon its delivery, the Kansas Department of Corrections (KDOC) seized the book to evaluate whether its contents posed a safety or security concern. After this review, the KDOC determined that the book's contents violated prison regulations. Bloom exhausted his administrative remedies and then filed a K.S.A. 60-1501 petition in the district court, claiming the seizure of the book violated his constitutional rights. The district court summarily dismissed Bloom's petition. Bloom appeals. We affirm.

1

In August 2016, Bloom ordered a book entitled, *Practical Electronics for Inventors*, which was received by the prison facility on August 31, 2016. The KDOC seized the book to allow a mail review officer to evaluate its contents. Upon the review, the officer determined that "the content of [the] Book pose[d] a threat to the safety and security of correctional facilities" as prohibited by K.A.R. 44-12-601. The officer wrote that the book contained "[s]tep-by-[s]tep [i]nstructions to build [c]ircuits/[software] tools." As a result, the KDOC confiscated the book.

Bloom appealed this adverse decision to the Secretary of KDOC. The Secretary affirmed the review officer's decision, stating:

> "The response rendered by the mail review officer is appropriate, the evidence presented by the review officer supports the decision to withhold this publication from distribution to inmates housed in the Kansas Department of Corrections Facilities.
> "KDOC Information Technology Department states this publication is a risk to perimeter security."

Following the Secretary's decision, Bloom filed a petition for writ of habeas corpus under K.S.A. 60-1501 with the district court. In his petition, Bloom alleged that confiscation of the book violated his rights under the First and Fourteenth Amendments to the United States Constitution and deprived him of the opportunity "to be job ready" as an engineer. Along with his petition, Bloom attached relevant documents which memorialized the KDOC's review of the book, its findings, and the Secretary's decision.

The district court summarily dismissed Bloom's petition and found:

> "While this Court lacks expertise in the area of electronics, it would certainly appear that a step by step instruction to build circuits/software tools may well pose a definite security

threat by a prisoner, especially one with an engineering degree. Furthermore, the prohibition against possession of the book does not apply just to [Bloom] but to all inmates housed in the Department of Corrections Facilities.

"This Court concludes that [Bloom] has failed to allege 'shocking and intolerable conduct or continuing mistreatment of a constitutional stature' and [his] Petition must, therefore . . . be dismissed."

After the summary dismissal, Bloom filed a motion for new trial under K.S.A. 60-259. The district court denied this motion. Bloom appeals.

SUMMARY DISMISSAL OF THE K.S.A. 60-1501 PETITION

On appeal, Bloom submits a pro se brief. In it, he essentially disagrees with the district court's finding that he failed to allege "'shocking and intolerable conduct or continuing mistreatment of a constitutional nature.'" As a result, he contends the district court erred when it summarily dismissed his K.S.A. 60-1501 petition.

At the outset, it is necessary to summarize Kansas law regarding the review and disposition of K.S.A. 60-1501 petitions. To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). The threshold question for determining whether conduct is shocking or intolerable is whether the conduct "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847-48, n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998); *Burch v. Bruffet*, No. 116,150, 2017 WL 754250 (Kan. App. 2017) (unpublished opinion).

When determining whether a K.S.A. 60-1501 petition states a claim for relief, district court's examine the petition and the contents of any attachments to determine if the petition alleges "shocking and intolerable conduct or continuing mistreatment of a

3

constitutional nature." *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). In this case, the attachments to Bloom's brief provide important information regarding the contents of the book, the prison mail review process, and the decisions made by prison officials.

"[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2016 Supp. 60-1503(a).

With regard to our standard of review on appeal, appellate courts exercise unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649. In our review, we must consider the facts alleged in the petition as true, together with any reasonable inferences that can be drawn from those facts. *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013).

The facts set forth in the petition and attachments show that KDOC seized Bloom's book in accordance with K.A.R. 44-12-601(d)(1)(A). This prison administrative regulation provides: "Incoming or outgoing mail, other than legal, official, or privileged mail, may be censored only when there is reasonable belief in any of the following . . . [t]here is a threat to institutional safety, order, or security." K.A.R. 44-12-601(d)(1)(A). This regulation applies to all prisoners incarcerated in Kansas, and there are no facts stated to suggest that Bloom is being singled out for enforcement of this regulation.

According to written KDOC documents attached to Bloom's petition, officials confiscated the book after a review of its contents revealed it posed a threat to the safety and security of correctional facilities because it contained "[s]tep-by-[s]tep [i]nstructions to build [c]ircuits/[software] tools." Moreover, this security risk was specifically related

4

to perimeter security as confirmed by the KDOC Information Technology Department. Receipt of books by inmates that threaten the safety and security of correctional facilities may be seized as provided by K.A.R. 44-12-601. In Bloom's case, KDOC's determination was made in the ordinary course of enforcing its published administrative regulation. Upon our reading of the petition and the attachments, we concur with the district court's view that Bloom has failed to show the seizure of this particular book constituted "shocking or intolerable" conduct sufficient to withstand summary dismissal of the petition.

We acknowledge that "[t]he Constitution protects the right to receive information and ideas. Both [a] sender and [an] inmate have fundamental interests in the inmate's access to the information in published material selected for delivery." *Rice v. State*, 278 Kan. 309, Syl. ¶ 2, 95 P.3d 994 (2004). In this regard, we are also mindful of *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987), a case in which the United States Supreme Court set forth four factors for evaluating the reasonableness of regulations similar to K.A.R. 44-12-601 to determine if they are "'reasonably related to legitimate penological interests.'" *Pool v. McKune*, 267 Kan. 797, 804, 987 P.2d 1073 (1999) (quoting *Turner*, 482 U.S. at 89). These four factors are:

> "(1) [W]hether a valid and rational connection exists between the regulation and a legitimate governmental interest, (2) whether an alternative means of exercising the constitutional right at issue remains available to inmates, (3) the impact of accommodation of the asserted right upon guards, other inmates, and the allocation of prison resources, and (4) the absence of ready alternatives to the course of action taken in the regulation. [Citations omitted.]" *Washington v. Werholtz*, 40 Kan. App. 2d 860, 863, 197 P.3d 843 (2008).

Bloom has not challenged the constitutional validity of K.A.R. 44-12-601(d)(1)(A) in his petition or on appeal. As a result, any issue relating to the constitutionality of K.A.R. 44-12-601 has been waived or abandoned. *Superior Boiler Works, Inc. v.*

*Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). Nevertheless, we observe in passing that this regulation relates to the very important and legitimate governmental interest in maintaining the security of our state's correctional facilities.

In this case, the considered opinion of prison officials was that the content of the book endangered the facility's security. The application of K.A.R. 44-12-601(d)(1)(A) by KDOC officials under these circumstances was not "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847-48, n.8. Upon our independent review, we find no error in the district court's summary dismissal.

### DENIAL OF THE MOTION FOR NEW TRIAL

For his second appellate issue, Bloom claims the district court abused its discretion when it denied his motion for a new trial. It is within the discretion of the district court to grant or deny a new trial under K.S.A. 2016 Supp. 60-259(a), and this court will not disturb such a ruling unless the district court abused its discretion. *Miller v. Johnson*, 295 Kan. 636, 684-85, 289 P.3d 1098 (2012). An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. *Matson v. Kansas Dept. of Corrections*, 301 Kan. 654, 656, 346 P.3d 327 (2015).

At the outset, the district court summarily dismissed Bloom's K.S.A. 60-1501 petition. As a result, there was no trial. Under these circumstances, Bloom has not informed us how he was entitled to a *new* trial under K.S.A. 2016 Supp. 60-259(a).

Assuming that Bloom meant to cite K.S.A. 2016 Supp. 60-259(f) which relates to a motion to alter or amend a judgment, we have reviewed the district court's order denying the motion. In the order, the district court determined that Bloom's motion failed

to set forth sufficient grounds to warrant relief. In particular, the district court found, "[Bloom] simply argues that the Court was incorrect and [cites] a number of cases [not] one of which is on point or supportive of [Bloom's] motion."

We agree. Although in his motion, Bloom references what he considers were erroneous rulings by the district court, upon our review we conclude the district court correctly applied the law and did not abuse its discretion in either summarily dismissing Bloom's K.S.A. 60-1501 petition or in denying his motion to alter or amend the judgment.

Affirmed.